

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,501-01

### EX PARTE MICHAEL DWAIN BONNETTE, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. CR2011-202-1 IN THE 207TH DISTRICT COURT
## FROM COMAL COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a child and sentenced to life imprisonment. The Third Court of Appeals affirmed his conviction. *Bonnette v. State*, No. 03-12-00697-CR (Tex. App. — Austin, August 7, 2014) (not designated for publication).

Applicant contends, among other things[1], that his trial counsel rendered ineffective assistance

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

because trial counsel presented evidence of extraneous offenses and bad acts by Applicant during the guilt/innocence phase, although the State had not sought to present such evidence during its case in chief. Applicant also alleges that trial counsel failed to present testimony during the punishment phase from available character witnesses, but did present testimony from Applicant's half-sister that she would continue to allow Applicant to be around her children despite the jury having found him guilty of sexually abusing his step-daughter.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. Although trial counsel has provided an affidavit responding to some of Applicant's allegations, there is no affidavit specifically addressing the above-described issues. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. Specifically, trial counsel shall state why he elected to present evidence about extraneous offenses and bad acts during the guilt/innocence stage, when the State had not introduced that evidence during its case in chief. Trial counsel shall state what advice he gave to Applicant with regard to the decision to take the stand and testify on his own behalf. Trial counsel shall state why he elicited testimony from Applicant's half-sister during the punishment stage that she would allow Applicant to be around her own children if he was not in prison. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an

attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: March 9, 2016
Do not publish